# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BELINDA STALLINGS-FIELDS,

*Plaintiff,*

v.

UNITED STATES OF AMERICA, et al.,

*Defendants*.

Civil Action No. 1:23-cv-00846 (CJN)

## ORDER

Plaintiff Lieutenant Colonel Belinda Stallings-Fields' amended complaint alleges that her employer, the United States Army, retaliated against her for raising concerns about security issues and legal violations. She seeks two forms of relief but has not established entitlement to either. The Court accordingly dismisses the case without prejudice.

First, Stallings-Fields seeks "[a] writ of mandate pursuant to 28 U.S.C. § 1361 . . . ordering the Defendants to set aside and hold as unlawful the Defendant's retaliatory and adverse administrative action taken against Plaintiff," which means ordering the Army to "set aside and hold unlawful" previous evaluations, revocation of a certification, referral of Stallings-Fields for mental health evaluations, investigative findings, and a report of Stallings-Fields going AWOL. Am. Compl. at 10, ECF No. 10. The problem here is that courts can only grant mandamus to require a government official to take an action if that official is under a "clear and indisputable" legal duty to do so. *Illinois v. Ferriero*, 60 F.4th 704, 715 (D.C. Cir. 2023). Even assuming that Stallings-Fields has established some legal violation by the Army, she has not pointed to any law that clearly requires the Army to take the remedial measures she requests as a result of the alleged violation. Thus, the Court will not compel such action. That should ultimately come as no

surprise, given that "mandamus is a drastic remedy, only available in extraordinary situations, and thus is hardly ever granted." *Id.* at 714 (cleaned up).

Second, Stallings-Fields seeks "[a] writ of mandate pursuant to 28 U.S.C. § 1361 . . . ordering the Defendant to cease any further retaliatory action against Plaintiff as the result of her protected communications." Am. Compl. at 10. The problem here is that Stallings-Fields has not pleaded any facts to establish that further retaliatory action is imminent—to the extent she pleads when an act of retaliation occurred, each happened in 2019 or earlier, more than three years before she filed her amended complaint. The Court thus cannot conclude that Stallings-Fields faces an imminent injury, as opposed to one "contingent [on] future events that may not occur as anticipated, or indeed may not occur at all," meaning the court cannot grant her requested prospective relief. *See In re Al-Nashiri*, 47 F.4th 820, 826-27 (D.C. Cir. 2022) (cleaned up).[1]

Because the Court cannot grant Stallings-Fields the relief she seeks in her amended complaint, the Court GRANTS Defendants' [11] motion to dismiss the amended complaint and DENIES as moot the superseded [9] motion to dismiss the complaint. It is further ORDERED that the case is DISMISSED without prejudice. If Stallings-Fields wishes to attempt to cure these deficiencies by filing a second amended complaint, she must do so within 30 days of the issuance of this order.

DATE: March 29, 2024

_____
CARL J. NICHOLS
United States District Judge

---

[1] The closest Stallings-Fields comes is her allegation that she faces "threats of continued adverse action through Officer Grade Determination Boards, investigations, and other administrative abuse." Am. Compl. at 7. Without further detail or factual allegations, this "mere conclusory statement[]" does not make it plausible that injury is imminent. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).